1   PHILIP L. ASIANO SBN 124287
    LAW OFFICE OF PHILIP L. ASIANO P. C.
2   P.O. BOX 121937
    SAN DIEGO, CALIFORNIA 92112-1937
3   Voice: 619-231-6579
    Fax:   619-255-7358
4
5   PATRICK E. CATALANO, SBN 60774
    CATALANO & CATALANO
6   655 W. Broadway, Suite 880
    San Diego, CA 92101
7   Tel: (619) 233-3565
    Fax: (619) 233-9841
8
9   Attorneys for Plaintiffs

FILED

2010 JAN 15  PM 3: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LIAS, an individual and class representative; TIMOTHY SANKARY, an individual and class representative; CHRISTOPHER BUMP, an individual and class representative; MARTHA JASSO, an individual and class representative; FEDERICO JASSO, an individual and class representative; ANDRE GALLARES, an individual and class representative; DANIEL GALLARES, an individual and class representative; DAVID HAWK, an individual and class representative; MARCELO OLIVEIRA, an individual and class representative; DAVID SEIVING, an individual and class representative; ANGELI PARANE, an individual and class representative; MANUELA BUMP-MURILLO, an individual and class representative; RUSSEL MESSICK, an individual and class representative; JOSE LEAL, an individual and class representative; MICHAEL J. MEANY, an individual and class representative; KRYSTA P. MEANY ,an individual and class representative; ROMINA MASCIOLI, an individual and class representative; GUSTAVO V. OLIVO, an individual and class representative; TODD RAIMUNDO, an individual and class representative; AMANDA RAIMUNDO, an individual and class representative; RICARDO N. MOYA, an individual and class representative; DANA R. MOYA, an individual and class representative; DEBRA J. | Case No. '10 CV 0127  W  RBB<br><br>CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT; FRAUD; NEGLIGENT MISREPRESENTATION; UNTRUE OR MISLEADING ADVERTISING; UNFAIR COMPETITION; CONSTRUCTIVE TRUST; RESCISSION AND RESTITUTION AND FOR PRELIMINARY AND PERMANENT INJUNCTION AND RESTITUTION<br><br>TRIAL BY JURY DEMANDED |

1

CLARK, an individual and class representative; JUAN BARRAZA, an individual and class representative; KRIS BASCOS, an individual and class representative; MONIA ELENA GUTIERREZ ZAMUDIO, an individual and class representative; ANTONI GUTIERREZ, an individual and class representative; JEROME M. SNELL, an individual and class representative; BILL BARAGGIA, an individual and class representative; JORGE L. WILKINS, an individual and class representative; JOSEFINA C. WILKINS, an individual and class representative; DAVID CARNEY, an individual and class representative; KURTIS WADDELL, an individual and class representative; ED DAVALOS, an individual and class representative; SCOTT MCCARTNEY, an individual and class representative; ABEL ABRAMYAN, an individual and class representative; HELINE MIRZKHANIAN, an individual and class representative; JAMES O'LEARY, an individual and class representative; ANNE O'LEARY, an individual and class representative; JAMES AND ANNE LIVING TRUST 09-05-03, a trust and class representative; ANDREA NIEVERA, an individual and class representative; LINDSAY WALLACE, an individual and class representative; CHRISTOPHER MCANDREW, an individual and class representative; JUANA REYES, an individual and class representative; ADRIANA CUNHA, an individual and class representative; ADRIANA CUNHA LIVING TRUST 01-23-08, a trust and class representative; KATIA KENNY-HEINZEN, an individual and class representative; JAMIE NICOLE HEINZEN, an individual and class representative; ALFONSO DELGADILLO, an individual and class representative; SAYEH AMINI, an individual and class representative; SAM REALTY, LLC, a limited liability company and class representative; RALEIGH L. ORIAS, an individual and class representative; LISA PRICE, an individual and class representative; JOSHUA PRICE, an individual and class representative; JAMES N. GABA, an individual and class representative; SILIVIA SOLIMAN, an individual and class representative; RENE A. MAHOMED, an individual and class representative; MARIO DIAZ, an individual and class representative; THE DIAZ FAMILY TRUST; DIANA DIAZ, a trust and class representative;

CLASS ACTION COMPLAINT

DOMINIQUE CASTRO, an individual and class representative; THERESA T. IZZO, an individual and class representative; ANTHONY M. IZZO, an individual and class representative; MICHAEL SADDICK, an individual and class representative; GILDA ANGELOTTI, an individual and class representative; SAM METRI, an individual and class representative; THERESA METRI, an individual and class representative; MANUAL CANCINO, an individual and class representative; BLANCA C. CANCINO, an individual and class representative; J.C O'HALLORAN, an individual and class representative; GEORGE GOUBRAN, an individual and class representative; PAUL C. BROWN, an individual and class representative; ELLINA PEVZNER, an individual and class representative; PAVEL PEVZNER, an individual and class representative; CHRISTOPHER NEWCOMB, an individual and class representative; ANGELINE M. GIRGIS, an individual and class representative; AMAL GIRGIS, an individual and class representative; RAMON REYES, an individual and class representative; MICHAEL E. GUNNING, an individual and class representative; SUSAN P. GUNNING, an individual and class representative; ANGELICA M. LEON, an individual and class representative; MIKE ABADIR, an individual and class representative; CARY A. DICKSON, an individual and class representative; DICKSON TRUST 9/17/03, a trust and class representative; MIKHAIL M. TUKNOV, an individual and class representative; MIKHAIL TUKNOV JR. FAMILY TRUST 10-19-06, a trust and class representative; RENE L. CRUZ, an individual and class representative; BARBARA VINSANT, an individual and class representative; MARK KHALIL, an individual and class representative; CARL MAGGIO, an individual and class representative; MARIA DALUZ, an individual and class representative; ARNOLD V. DALUZ, an individual and class representative; DALUZ FAMILY TRUST 06-11-99, a trust and class representative; WANGSUG SUH, an individual and class representative; ELIZABETH DOYLE, an individual and class representative; SHIRA STERN, an individual and class representative; MIKE BICKRELL, an individual and class representative; ALAN BOYLE, an individual and class representative; MIDORI BOYLE,

an individual and class representative; JUNE BELYEA COCHRAN, an individual and class representative; THOMAS COCHAN, an individual and class representative; ERIKA NICOLADE, an individual and class representative; WILLIAM MARK BAKER, an individual and class representative; GILBERT ANDREW VALASQUEZ, an individual and class representative; MEHRAK RAISSI, an individual and class representative; BENIGNA FORRAL, an individual and class representative; PATRICK CAZE, an individual and class representative; YEMISI OLUKANMI, an individual and class representative; YBO PROPERTY INVESTMENTS INC, a corporation and class representative; DRAZEN MERSNIK, an individual and class representative; KELLY RUTH, an individual and class representative; LASZLO PETERFALVY, an individual and class representative; CRYSTAL MATSUURA, an individual and class representative; LILA SAMIM, an individual and class representative; BERKLEY PHILLIPS, an individual and class representative; DAVID ALAEI, an individual and class representative; JEFF FRANKEL, an individual and class representative; ROUIN OSKUI, an individual and class representative; SEDIGHEH DJAVANHARD, an individual and class representative; MARTIN A. MILLER, an individual and class representative; SETH BRYNE, an individual and class representative; ROHIT A. CHITALE, an individual and class representative; SHAWNA ROBINSON, an individual and class representative; NELLIE R. CLARK, an individual and class representative; JOHN R. CLARK, an individual and class representative; GLENN C. FEDERE, an individual and class representative; ASHOK WADHWA, an individual and class representative; NIKITA WADHWA, an individual and class representative; MICHAEL DURINGER, an individual and class representative; SUSAN E. DURINGER, an individual and class representative; LINDSAY M. DURINGER, an individual and class representative; ANIL PAWAR, an individual and class representative; RICARDO VIDAL, an individual and class representative; IIRAI MANORINA, an individual and class representative; ELMER MANORINA, an individual and class representative; ELIE SAAD, an individual and class representative; JOHN LUTTERS,

4

an individual and class representative; JOYCELYN BOTTOMS, an individual and class representative; KEITH A. SCHMIDT, an individual and class representative; JOSIE LEISZ, an individual and class representative; JUDITH M. PORRAS LOPEZ, an individual and class representative; ROY GELINAS, an individual and class representative; YAN FEI ADAMS, an individual and class representative; KIMBERLY S. OTLEY, an individual and class representative; OTLEY FAMILY LIVING TRUST 05-26-07, a trust and class representative; JAMES I. MATEER, an individual and class representative; JAMES I. MATEER TRUST, a trust and class representative; RON KNIGHT, an individual and class representative; DANIEL M. HERMANN, an individual and class representative; BOUTEINA HASSANI, an individual and class representative; MOUSHIR IBRAHIM, an individual and class representative; NAHED IBRAHIM, an individual and class representative; MARY M. IBRAHIM, an individual and class representative; APRIL DELLA FUENTES, an individual and class representative; AUDREY ANN MEADOWS, an individual and class representative; KUNIO ABE, an individual and class representative; ERIC ALON, an individual and class representative; ROBYN SPIEGEL, an individual and class representative; MATTHEW SPIEGEL, an individual and class representative; CRAIG C. ELLSWORTH, an individual and class representative; JEFFREY SPERLING, an individual and class representative; JULIE GOMEZ, an individual and class representative; EDDIE M. GONZALES, an individual and class representative; KAREN A. JONES, an individual and class representative; BIRGIT EHLE, an individual and class representative; DARLENE BEUKELMAN, an individual and class representative; ROBERT I. POHLE, an individual and class representative; ROBERT L. POHLE LIVING TRUST 04-30-93, a trust and class representative; DOUGLAS M. O'BREY, an individual and class representative; ALAN TRIDER, an individual and class representative; OAKURST INTERNATIONAL, a corporation and class representative; ROYCE KEMP, an individual and class representative; MARIA G. LOPEZ, an individual and class representative; ERNESTO RAMIREZ, an individual and class representative; TRACY

CLASS ACTION COMPLAINT

ARAGON, an individual and class representative; JAMES M. COLLINS, II, an individual and class representative; CHERIE B. COLLINS, an individual and class representative; MARIA CASTILLON, an individual and class representative; MARIA R. DELGADO, an individual and class representative; AMIR HOSSEINI, an individual and class representative; HANNA KHAZAELI, an individual and class representative; ZEBIN HUANG, an individual and class representative; NA AN, an individual and class representative; PURSHOTAM B. KATARIA, an individual and class representative; MEENA P. KATARIA, an individual and class representative; SUNNY MEADOWS LLC, a limited liability company and class representative; MARLENE LUDDERS, an individual and class representative; HANS J. LUDDERS, an individual and class representative; BRYN J. DA LUZ, an individual and class representative; CRAIG J. DA LUZ, an individual and class representative; DANIEL R. MCGIVNEY, an individual and class representative; PATRICIA K. MCGIVNEY, an individual and class representative; BRIAN L. MCCLURE, an individual and class representative; KATHERINE A. ROSE, an individual and class representative; MARK SILVER, an individual and class representative; MOHAMED NASR, an individual and class representative; KENNETH BLACK, an individual and class representative; KYOKO BLACK, an individual and class representative; NOAH POST, an individual and class representative; MARTINA WEIGELE, an individual and class representative; WANDA PAHK, an individual and class representative; MARIA REYES, an individual and class representative; CARLOS REYES, an individual and class representative; ASPEN TRUST 03-02-98, a trust and class representative; ROEM S. RAMOS, an individual and class representative; CARMELITA L. RAMOS, an individual and class representative; DAVID C. SHYR, an individual and class representative; BENEDICT SARZABA, an individual and class representative; MERCEDITAS SARZABA, an individual and class representative; NATHAN SACHS, an individual and class representative; DALE L FAMILY TRUST 05-31-91, a trust and class representative; KIM SALAMON, an individual and class representative; ANTHONY

CLASS ACTION COMPLAINT

HERNANDEZ, an individual and class representative; JOE CAMPOS, an individual and class representative; SAMANTHA LOPEZ, an individual and class representative; MELVIN MITCHELL, an individual and class representative; LISA MITCHELL, an individual and class representative; WILLIAM NASSIR, an individual and class representative; HAZEL NASSIR, an individual and class representative; INA HOFFMAN, an individual and class representative; HORACE EBREO, an individual and class representative; ZIBA HONARBAKHT, an individual and class representative; AKRAM BENMBAREK, an individual and class representative; PATTY BAIN, an individual and class representative; THOMAS S. BAIN, an individual and class representative; DAMIEN DINH, an individual and class representative; KRISTEN MULDER, an individual and class representative; MAHER IBRAHIM, an individual and class representative; MAHER IBRAHIM, an individual and class representative; SOPHIA IBRAHIM, an individual and class representative; TIBOR MEZEI, an individual and class representative; DANIKO MEZEI, an individual and class representative; KOUROSH MEHRAYIN, an individual and class representative; SUSANA SANCHEZ, an individual and class representative; AMIR SAHBA, an individual and class representative; MICHAEL TOLLER, an individual and class representative; MARIA PRUDENCIO, an individual and class representative; GERARDO PRUDENCIO, an individual and class representative; NIKTA SHOKOOH, an individual and class representative; FARROKH SHOKOOH, SHOKOOH FAMILY TRUST 05-25-93, a trust and class representative; YASAMAN SIRJANI, an individual and class representative; JAYNER FORONDA, an individual and class representative; CARMEN ROBINSON, an individual and class representative; DALE E. ROBINSON, an individual and class representative; JOHN RINCON, an individual and class representative; MARY ANDERSON BELL, an individual and class representative; MARGO POWELL-REID, an individual and class representative; SUE AHN OH, an individual and class representative; SAMMY OH, an individual and class representative; YOUNGMI OH, an individual and class representative; CYNTHIA

7

CLASS ACTION COMPLAINT

PRICE, an individual and class representative; DANNY PRICE, an individual and class representative; JONATHAN BOAS, an individual and class representative, PAUL WYLES, an individual and class representative; RICHARD DALUZ, an individual and class representative; QUDSIA NOORI, an individual and class representative; ABRAHAM VELARDE, an individual and class representative; SILVIA VELARDE, an individual and class representative; CHARLES PUNAY, an individual and class representative; DANIEL G. CRISTY, an individual and class representative; CANDICE CRISTY, an individual and class representative; CANDICE PARKER, an individual and class representative; MICHAEL T. SEARS, an individual and class representative; ADARSH M. SHARMA, an individual and class representative; PHILLIP KIMBLE, an individual and class representative; SOLEDAD H. VELACRUZ, an individual and class representative; KAMBY GARROOSI, an individual and class representative; NAHID MORADPOUR, an individual and class representative; DOUGLAS BRECKINRIDGE, an individual and class representative; HUE BRECKINRIDGE, an individual and class representative; AMEESH PALEJA, an individual and class representative; ELIZABETH KIER, an individual and class representative; DONNA M. IMSON, an individual and class representative; DOLORES GREEN, an individual and class representative; PETER PARK, an individual and class representative; HAN PARK, an individual and class representative; NOELLE GRANICH, an individual and class representative; ANTHONY G. GRANICH, an individual and class representative; MARILYN GRANICH, an individual and class representative; VICKI GRANICH, an individual and class representative; MARK GRANICH, an individual and class representative; GAVIN DAVIS, an individual and class representative; LINDSAY DAVIS, an individual and class representative; MITRA AMIDI, an individual and class representative; KOOROSII AMIDI, an individual and class representative; YOGESH BHATKHANDE, an individual and class representative; PRITI SABADRA, an individual and class representative; JOSEPH SAAD, an individual and class representative.

8

CLASS ACTION COMPLAINT

Plaintiffs,

vs.

SAUL SACK, an individual; RUSSELL W. GALBUT, an individual; SONNY KAHN, an individual; BRUCE MENIN, an individual; SK BUSINESS TRUST, a Trust; RF BUSINESS TRUST, a Trust; MENIN 1998 FAMILY TRUST, a Trust;  and Does 1 - 250

Defendants

Plaintiffs, having filed a Class Action Complaint on July 19, 2006, a First Amended Class Action Complaint on July 31, 2006 and an Amendment to the First Amended Class Action Complaint on May 7, 2009 hereby incorporate by reference as though fully set for herein said prior complaints and amendments and file this Second Amended Class Action Complaint as follows:

Plaintiffs LEONARD LIAS, an individual and class representative; TIMOTHY SANKARY, an individual and class representative; and CHRISTOPHER BUMP, an individual and class representative; MARTHA JASSO, an individual and class representative; FEDERICO JASSO ,an individual and class representative;  ANDRE GALLARES, an individual and class representative; DANIEL GALLARES, an individual and class representative; DAVID HAWK, an individual and class representative;   MARCELO OLIVEIRA, an individual and class representative;  DAVID SEIVING, an individual and class representative;  ANGELI PARANE, an individual and class representative;  MANUELA BUMP-MURILLO, an individual and class representative;  RUSSEL MESSICK, an individual and class representative; JOSE LEAL, an individual  and  class  representative  MICHAEL J. MEANY, an  individual  and  class representative;   KRYSTA P. MEANY, an individual and class representative; ROMINA MASCIOLI, an individual and class representative;  GUSTAVO V. OLIVO ,an individual and class representative; TODD RAIMUNDO, an individual and class representative; AMANDA RAIMUNDO, an individual and class representative; RICARDO N. MOYA, an individual and class representative; DANA R. MOYA, an individual and class representative; DEBRA J.

9

CLARK, an individual and class representative; JUAN BARRAZA, an individual and class representative;   KRIS BASCOS, an individual and class representative; MONIA ELENA GUTIERREZ ZAMUDIO, an individual and class representative; ANTONI GUTIERREZ, an individual and class representative; JEROME M. SNELL, an individual and class representative; BILL BARAGGIA, an individual and class representative; JORGE L. WILKINS, an individual and class representative; JOSEFINA C. WILKINS, an individual and class representative; DAVID CARNEY, an individual and class representative; KURTIS WADDELL, an individual and class representative; ED DAVALOS, an individual and class representative; SCOTT MCCARTNEY, an individual and class representative; ABEL ABRAMYAN, an individual and class representative; HELINE MIRZKHANIAN, an individual and class representative; JAMES O'LEARY, an individual and class representative; ANNE O'LEARY, an individual and class representative;   JAMES AND ANNE LIVING TRUST 09-05-03, a trust and class representative; ANDREA NIEVERA, an individual and class representative; LINDSAY WALLACE, an individual and class representative; CHRISTOPHER MCANDREW, an individual and class representative; JUANA REYES, an individual and class representative; ADRIANA CUNHA, an individual and class representative; ADRIANA CUNHA LIVING TRUST 01-23-08, a trust and class representative; KATIA KENNY-HEINZEN, an individual and class representative; JAMIE NICOLE HEINZEN, an individual and class representative; ALFONSO DELGADILLO, an individual and class representative; SAYEH AMINI, an individual and class representative; SAM REALTY, LLC, a limited liability company and class representative; RALEIGH L. ORIAS, an individual and class representative; LISA PRICE, an individual and class representative; JOSHUA PRICE, an individual and class representative; JAMES N. GABA, an individual and class representative; SILIVIA SOLIMAN, an individual

and class representative; RENE A. MAHOMED, an individual and class representative; MARIO

DIAZ, an individual and class representative; THE DIAZ FAMILY TRUST; DIANA DIAZ, a

trust and class representative; DOMINIQUE CASTRO, an individual and class representative;

THERESA T. IZZO, an individual and class representative; ANTHONY M. IZZO, an individual

and class representative; MICHAEL SADDICK, an individual and class representative; GILDA

ANGELOTTI, an individual and class representative; SAM METRI, an individual and class

representative; THERESA METRI, an individual and class representative; MANUAL

CANCINO, an individual and class representative; BLANCA C. CANCINO, an individual and

class representative; J.C O'HALLORAN, an individual and class representative; GEORGE

GOUBRAN, an individual and class representative; PAUL C. BROWN, an individual and class

representative; ELLINA PEVZNER, an individual and class representative; PAVEL PEVZNER,

an individual and class representative; CHRISTOPHER NEWCOMB, an individual and class

representative; ANGELINE M. GIRGIS, an individual and class representative; AMAL GIRGIS,

an individual and class representative; RAMON REYES, an individual and class representative;

MICHAEL E. GUNNING, an individual and class representative; SUSAN P. GUNNING, an

individual and class representative; ANGELICA M. LEON, an individual and class

representative; MIKE ABADIR, an individual and class representative; CARY A. DICKSON, an

individual and class representative; DICKSON TRUST 9/17/03, a trust and class representative;

MIKHAIL M. TUKNOV, an individual and class representative; MIKHAIL TUKNOV JR.

FAMILY TRUST 10-19-06, a trust and class representative; RENE L. CRUZ, an individual and

class representative; BARBARA VINSANT, an individual and class representative; MARK

KHALIL, an individual and class representative; CARL MAGGIO, an individual and class

representative; MARIA DALUZ, an individual and class representative; ARNOLD V. DALUZ,

an individual and class representative; DALUZ FAMILY TRUST 06-11-99, a trust and class representative; WANGSUG SUH, an individual and class representative; ELIZABETH DOYLE, an individual and class representative; SHIRA STERN, an individual and class representative; MIKE BICKRELL, an individual and class representative; ALAN BOYLE, an individual and class representative; MIDORI BOYLE, an individual and class representative; JUNE BELYEA COCHRAN, an individual and class representative; THOMAS COCHAN, an individual and class representative; ERIKA NICOLADE, an individual and class representative; WILLIAM MARK BAKER, an individual and class representative; GILBERT ANDREW VALASQUEZ, an individual and class representative; MEHRAK RAISSI, an individual and class representative; BENIGNA FORRAL, an individual and class representative; PATRICK CAZE, an individual and class representative; YEMISI OLUKANMI, an individual and class representative; YBO PROPERTY INVESTMENTS INC, a corporation and class representative; DRAZEN MERSNIK, an individual and class representative; KELLY RUTH, an individual and class representative; LASZLO PETERFALVY, an individual and class representative; CRYSTAL MATSUURA, an individual and class representative; LILA SAMIM, an individual and class representative; BERKLEY PHILLIPS, an individual and class representative; DAVID ALAEI, an individual and class representative; JEFF FRANKEL, an individual and class representative; ROUIN OSKUI, an individual and class representative; SEDIGHEH DJAVANHARD, an individual and class representative; MARTIN A. MILLER, an individual and class representative; SETH BRYNE, an individual and class representative; ROHIT A. CHITALE, an individual and class representative; SHAWNA ROBINSON, an individual and class representative; NELLIE R. CLARK, an individual and class representative;   JOHN R. CLARK, an individual and class representative; GLENN C. FEDERE, an individual and class

CLASS ACTION COMPLAINT

representative; ASHOK WADHWA, an individual and class representative; NIKITA WADHWA, an individual and class representative; MICHAEL DURINGER, an individual and class representative; SUSAN E. DURINGER, an individual and class representative; LINDSAY M. DURINGER, an individual and class representative; ANIL PAWAR, an individual and class representative; RICARDO VIDAL, an individual and class representative; IIRAI MANORINA, an individual and class representative; ELMER MANORINA, an individual and class representative; ELIE SAAD, an individual and class representative; JOHN LUTTERS, an individual and class representative; JOYCELYN BOTTOMS, an individual and class representative; KEITH A. SCHMIDT, an individual and class representative; JOSIE LEISZ, an individual and class representative; JUDITH M. PORRAS LOPEZ, an individual and class representative; ROY GELINAS, an individual and class representative; YAN FEI ADAMS, an individual and class representative; KIMBERLY S. OTLEY, an individual and class representative; OTLEY FAMILY LIVING TRUST 05-26-07, a trust and class representative; JAMES I. MATEER, an individual and class representative; JAMES I. MATEER TRUST, a trust and class representative; RON KNIGHT, an individual and class representative; DANIEL M. HERMANN, an individual and class representative; BOUTEINA HASSANI, an individual and class representative; MOUSHIR IBRAHIM, an individual and class representative; NAHED IBRAHIM, an individual and class representative; MARY M. IBRAHIM, an individual and class representative; APRIL DELLA FUENTES, an individual and class representative; AUDREY ANN MEADOWS, an individual and class representative; KUNIO ABE, an individual and class representative; ERIC ALON, an individual and class representative; ROBYN SPIEGEL, an individual and class representative; MATTHEW SPIEGEL, an individual and class representative; CRAIG C. ELLSWORTH, an individual and class representative; JEFFREY

SPERLING, an individual and class representative; JULIE GOMEZ, an individual and class representative; EDDIE M. GONZALES, an individual and class representative; KAREN A. JONES, an individual and class representative; BIRGIT EHLE, an individual and class representative; DARLENE BEUKELMAN, an individual and class representative; ROBERT I. POHLE, an individual and class representative; ROBERT L. POHLE LIVING TRUST 04-30-93, a trust and class representative; DOUGLAS M. O'BREY, an individual and class representative; ALAN TRIDER, an individual and class representative; OAKURST INTERNATIONAL, a corporation and class representative; ROYCE KEMP, an individual and class representative; MARIA G. LOPEZ, an individual and class representative; ERNESTO RAMIREZ, an individual and class representative; TRACY ARAGON, an individual and class representative; JAMES M. COLLINS, II, an individual and class representative; CHERIE B. COLLINS, an individual and class representative; MARIA CASTILLON, an individual and class representative; MARIA R. DELGADO, an individual and class representative; AMIR HOSSEINI, an individual and class representative; HANNA KHAZAELI, an individual and class representative; ZEBIN HUANG, an individual and class representative; NA AN, an individual and class representative; PURSHOTAM B. KATARIA, an individual and class representative; MEENA P. KATARIA, an individual and class representative;   SUNNY MEADOWS LLC, a limited liability company and class representative; MARLENE LUDDERS, an individual and class representative; HANS J. LUDDERS, an individual and class representative; BRYN J. DA LUZ, an individual and class representative; CRAIG J. DA LUZ, an individual and class representative; DANIEL R. MCGIVNEY, an individual and class representative; PATRICIA K. MCGIVNEY, an individual and class representative; BRIAN L. MCCLURE, an individual and class representative; KATHERINE A. ROSE, an individual and

CLASS ACTION COMPLAINT

class representative; MARK SILVER, an individual and class representative; MOHAMED

NASR, an individual and class representative; KENNETH BLACK, an individual and class

representative; KYOKO BLACK, an individual and class representative; NOAH POST, an

individual and class representative; MARTINA WEIGELE, an individual and class

representative; WANDA PAHK, an individual and class representative; MARIA REYES, an

individual and class representative; CARLOS REYES, an individual and class representative;

ASPEN TRUST 03-02-98, a trust and class representative; ROEM S. RAMOS, an individual and

class representative; CARMELITA L. RAMOS, an individual and class representative; DAVID

C. SHYR, an individual and class representative; BENEDICT SARZABA, an individual and

class representative; MERCEDITAS SARZABA, an individual and class representative;

NATHAN SACHS, an individual and class representative; DALE L FAMILY TRUST 05-31-91,

a trust and class representative; KIM SALAMON, an individual and class representative;

ANTHONY HERNANDEZ, an individual and class representative; JOE CAMPOS, an

individual and class representative; SAMANTHA LOPEZ, an individual and class

representative; MELVIN MITCHELL, an individual and class representative; LISA

MITCHELL, an individual and class representative; WILLIAM NASSIR, an individual and class

representative; HAZEL NASSIR, an individual and class representative; INA HOFFMAN, an

individual and class representative; HORACE EBREO, an individual and class representative;

ZIBA HONARBAKHT, an individual and class representative; AKRAM BENMBAREK, an

individual and class representative; PATTY BAIN, an individual and class representative;

THOMAS S. BAIN, an individual and class representative; DAMIEN DINH, an individual and

class representative; KRISTEN MULDER, an individual and class representative; MAHER

IBRAHIM, an individual and class representative; MAHER IBRAHIM, an individual and class

representative; SOPHIA IBRAHIM, an individual and class representative; TIBOR MEZEI, an individual and class representative; DANIKO MEZEI, an individual and class representative; KOUROSH MEHRAYIN, an individual and class representative; SUSANA SANCHEZ, an individual and class representative; AMIR SAHBA, an individual and class representative; MICHAEL TOLLER, an individual and class representative; MARIA PRUDENCIO, an individual and class representative; GERARDO PRUDENCIO, an individual and class representative; NIKTA SHOKOOH, an individual and class representative; FARROKH SHOKOOH, SHOKOOH FAMILY TRUST 05-25-93, a trust and class representative; YASAMAN SIRJANI, an individual and class representative; JAYNER FORONDA, an individual and class representative; CARMEN ROBINSON, an individual and class representative; DALE E. ROBINSON, an individual and class representative; JOHN RINCON, an individual and class representative; MARY ANDERSON BELL, an individual and class representative; MARGO POWELL-REID, an individual and class representative; SUE AHN OH, an individual and class representative; SAMMY OH, an individual and class representative; YOUNGMI OH, an individual and class representative; CYNTHIA PRICE, an individual and class representative; DANNY PRICE, an individual and class representative; JONATHAN BOAS, an individual and class representative; PAUL WYLES, an individual and class representative; RICHARD DALUZ, an individual and class representative; QUDSIA NOORI, an individual and class representative; ABRAHAM VELARDE, an individual and class representative; SILVIA VELARDE, an individual and class representative; CHARLES PUNAY, an individual and class representative; DANIEL G. CRISTY, an individual and class representative; CANDICE CRISTY, an individual and class representative; CANDICE PARKER, an individual and class representative; MICHAEL T. SEARS, an individual and class

representative; ADARSH M. SHARMA, an individual and class representative; PHILLIP KIMBLE, an individual and class representative; SOLEDAD H. VELACRUZ, an individual and class representative; KAMBY GARROOSI, an individual and class representative; NAHID MORADPOUR, an individual and class representative; DOUGLAS BRECKINRIDGE, an individual and class representative; HUE BRECKINRIDGE, an individual and class representative; AMEESH PALEJA, an individual and class representative; ELIZABETH KIER, an individual and class representative; DONNA M. IMSON, an individual and class representative; DOLORES GREEN, an individual and class representative; PETER PARK, an individual and class representative; HAN PARK, an individual and class representative; NOELLE GRANICH, an individual and class representative; ANTHONY G. GRANICH, an individual and class representative; MARILYN GRANICH, an individual and class representative; VICKI GRANICH, an individual and class representative; MARK GRANICH, an individual and class representative; GAVIN DAVIS, an individual and class representative; LINDSAY DAVIS, an individual and class representative; MITRA AMIDI, an individual and class representative; KOOROSII AMIDI, an individual and class representative; YOGESH BHATKHANDE, an individual and class representative; PRITI SABADRA, an individual and class representative; JOSEPH SAAD, an individual and class representative (hereinafter collectively "Plaintiffs") allege as follows:

## PARTIES

1. Plaintiff LEONARD LIAS is and was at all relevant times a resident of the County of San Diego, State of California.

2. Plaintiff TIMOTHY SANKARY is and was at all relevant times a resident of the County of San Diego, State of California.

3. Plaintiff CHRISTOPHER BUMP is and was at all relevant times a resident of the County of San Diego, State of California.

4. Plaintiffs MARTHA JASSO and FEDERICO JASSO are husband and wife and were at all relevant times a residents of the County of San Diego, State of California.

5. Plaintiff ANDRE GALLARES is and was at all relevant times a resident of the County of San Diego, State of California.

6. Plaintiff DANIEL GALLARES is and was at all relevant times a resident of the County of San Diego, State of California.

7. Plaintiff DAVID HAWK is and was at all relevant times a resident of the County of San Diego, State of California.

8. Plaintiff MARCELO OLIVEIRA is and was at all relevant times a resident of the County of San Diego, State of California.

9. Plaintiff DAVID SEIVING is and was at all relevant times a resident of the County of San Diego, State of California.

10. Plaintiff ANGELI PARANE is and was at all relevant times a resident of the County of San Diego, State of California.

11. Plaintiff MANUELA BUMP-MURILLO is and was at all relevant times a resident of the County of San Diego, State of California.

12. Plaintiff RUSSEL MESSICK is and was at all relevant times a resident of the County of San Diego, State of California.

13. Plaintiff JOSE LEAL is and was at all relevant times a resident of the County of San Diego, State of California.

14. Plaintiff MICHAEL J. MEANY is and was at all relevant times a resident of the County of San Diego, State of California.

15. Plaintiff KRYSTA P. MEANY is and was at all relevant times a resident of the County of San Diego, State of California.

16. Plaintiff ROMINA MASCIOLI is and was at all relevant times a resident of the County of San Diego, State of California.

17. Plaintiff GUSTAVO V. OLIVO is and was at all relevant times a resident of the County of San Diego, State of California.

### CLASS ALLEGATIONS

18. The Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situated. The class that the plaintiffs represent is composed of all persons who, at any time purchased or entered into a contract to purchase real property at Villa Vicenza condominium complex further described herein below. The persons in this class are so numerous consisting of at least approximately 400 individuals that the joinder of all such class persons is impracticable and that the disposition of their claims in a class action is a benefit to all the parties and to the court.

19. There is a well defined community of interest in the questions of law and fact involved and affecting the parties to be represented in that each member of the class is or has been in the same factual circumstances, hereinafter alleged, as plaintiffs. Proof of a common or single state of facts will establish the right of each member of the class to recover. The claims of the plaintiffs are typical of those of the class and the plaintiffs will fairly and adequately represent the interests of the class. Plaintiffs herein have suffered actual injury because they purchased a unit or units based upon false square footage representations.

20. The condominium development that is the subject of this action consists of four standard types of floor plans identified as Plan 1, Plan 2, Plan 3 and Plan 4. On the marketing floor plans, Plan 1 was 575 square feet; Plan 2 was 642; square feet; Plan 3 was 1011 square feet;

Plan 4 was 1069 square feet. In actuality, the square footages were far less than as stated on the floor plans and on other marketing material.

21. Class representatives as to Plan 1 are Plaintiffs LEONARD LIAS, CHRISTOPHER BUMP, MANUELA BUMP-MURILLO, DAVID SEIVING, TIMOTHY SANKARY who all own Plan 1 condominiums.

22. Class representatives as to Plan 2 are Plaintiffs MARCELO OLIVEIRA, DAVID HAWK, ANGELI PARANE, MICHAEL J. MEANY and KRYSTA P. MEANY who all own Plan 2 condominiums.

23. Class representatives as to Plan 3 are Plaintiffs ANDRE GALLARES, DANIEL GALLARES. JOSE LEAL, ROMINA MASCIOLI and GUSTAVO V. OLIVO who all own Plan 3 condominiums.

24. Class representatives as to Plan 4 are Plaintiffs MARTHA JASSO and FEDERICO JASSO who own Plan 4 condominiums.

## DEFENDANTS

25. NOBEL COURT DEVELOPMENT, LLC ("NOBEL) is and was at all relevant times a Limited Liability Company, duly organized and existing under Delaware law with its principal place of business in Florida and doing business in the County of San Diego, State of California and registered to do business as a foreign LLC in the State of California.

26. CRESCENT HEIGHTS, INC. ("CRESCENT") is and was at all relevant times a Corporation, duly organized and existing under Florida law with its principal place of business in the City of Miami, State of Florida.

27. Plaintiffs are informed and believe that NOBEL at all times mentioned here in is the agent, servant, subsidiary, affiliate of CRESCENT and in doing the things alleged was acting within the course and scope of such agency and employment with the permission, consent and knowledge of CRESCENT.

28. BRUCE MENIN ("MENIN") and the MENIN 1998 FAMILY TRUST ("MENIN TRUST") are and were at all relevant times residents of the city of New York, State of New York.

29. SONNY KAHN ("KAHN") and the SK BUSINESS TRUST ("SK TRUST") are and were at all relevant times residents of the Miami, State of Florida.

30. RUSSELL W. GALBUT ("GALBUT") and the RF BUSINESS TRUST ("RF TRUST") are and were at all relevant times residents of the Miami, State of Florida.

31. Plaintiffs are unaware of the true names and capacities of defendants sued herein, as DOES 1 through 250, inclusive and therefore sue these defendants by such fictitious names. Plaintiffs believe that each fictitiously sued defendant was in some way responsible for the acts alleged in the complaint.

## VENUE ALLEGATIONS

32. Defendants by and through their agents, servants, employees, affiliates, subsidiaries and related entities before, during and after its transactions with Plaintiffs, actively solicited business in California from renters and/or purchasers of condominiums and constructed, managed and maintained condominiums in San Diego County in the State of California. Defendant provided written sales materials to Plaintiffs and others in California by hand and by mail. Defendants maintain and operate a sales office in California before and during the series of transactions that are the subject of this action.

33. At all relevant times Defendant made a continuous and systematic series of acts for the purpose of securing pecuniary gain through profits and/or commissions on sales of condominiums located in California by soliciting customers in California and making and consummating sales transactions, mailing or handing out written sales literature in California.

34. This action concerns the purchase and sale of real property located in the County of San Diego in the State of California and further the contract that is the subject of this action in fact was entered into in the County of San Diego in the State of California.

35. This action is subject to Code of Civil Procedure Section 395 (a) and none of the defendants reside in the State of California at the time this action was commenced and further that Defendant contracted Plaintiff to perform an obligation in the County of San Diego in the State of California and further the contract that is the subject of this action in fact was entered into in the County of San Diego in the State of California.

36. This action is not subject to the provisions of the California Code of Civil Procedure Section 395(b) or Civil Code Section 1812.10 or Civil Code Section 2984.4.

**FRAUD IN THE INDUCEMENT**

37. The Purchase Contract and its various addenda, substantially in a preprinted form (hereinafter "Contract") contains various provisions purporting to insulate Defendants from liability, releasing Defendants from liability, waiving jury trial, requiring arbitration, requiring the Plaintiffs to acknowledge that they have not relied upon any misrepresentations, an integration clause and other provisions onerous under these circumstances.

38. Plaintiffs' consent to the contract was obtained by fraud, further detailed in the allegations herein which are incorporated by reference.   Specifically, Defendants made the misrepresentations as to square footage contained in the marketing floor plans and other marketing material.  Defendants knew the misrepresentations in marketing floor plans and other marketing material as to square footage were not true.  Defendants made the representation to persuade Plaintiffs to agree to sign the Contract.  The Plaintiffs reasonably relied upon the misrepresentations as to square footage contained in marketing floor plans and other marketing material because Defendants presented themselves as, and reasonably appeared to be, knowledgeable developers and experts in real estate and/or presented themselves as "THE PREMIER CONDOMINIUM COMPANY".

39. Plaintiffs would not have entered into the Contract had they known the true square footages of the units being purchased.

40. As a result of the fraud, Plaintiffs were damaged because they are now owners of units containing far less square footage than as represented on marketing floor plans and other marketing material and Plaintiffs paid a purchase price for units far larger that the units they actually own.   The units as represented are worth more than the units actually conveyed. Thus, plaintiffs were injured as a result of the fraudulent inducement to enter into the contract.

41. Therefore, Plaintiffs' consent was induced by fraud and the provisions of the Contract cannot be used against Plaintiffs by these Defendants. All Plaintiffs did not discovery the true nature of the fraud or other claims until within three years.   The following Plaintiffs did not discover the fraud or other claims until within two years:

ROBYN SPIEGEL; MATTHEW SPIEGEL; CRAIG C. ELLSWORTH; JEFFREY SPERLING; JULIE GOMEZ; EDDIE M. GONZALES; KAREN A. JONES; BIRGIT EHLE; DARLENE BEUKELMAN; ROBERT I. POHLE; ROBERT L. POHLE LIVING TRUST 04-30-93; DOUGLAS M. O'BREY; ALAN TRIDER;  OAKURST INTERNATIONAL; ROYCE KEMP; MARIA G. LOPEZ;  ERNESTO RAMIREZ; TRACY ARAGON; JAMES M. COLLINS, II; CHERIE B. COLLINS; MARIA CASTILLON; MARIA R. DELGADO; AMIR HOSSEINI; HANNA KHAZAELI; ZEBIN HUANG; NA AN; PURSHOTAM B. KATARIA; MEENA P. KATARIA; SUNNY MEADOWS LLC; MARLENE LUDDERS; HANS J. LUDDERS; BRYN J. DA LUZ; CRAIG J. DA LUZ; DANIEL R. MCGIVNEY; PATRICIA K. MCGIVNEY; BRIAN L. MCCLURE; KATHERINE A. ROSE; MARK SILVER; MOHAMED NASR; KENNETH BLACK KYOKO BLACK; NOAH POST; MARTINA WEIGELE; WANDA PAHK; MARIA REYES; CARLOS REYES; ASPEN TRUST 03-02-98; ROEM S. RAMOS; CARMELITA L. RAMOS; DAVID C. SHYR; BENEDICT SARZABA; MERCEDITAS SARZABA; NATHAN SACHS; DALE L FAMILY TRUST 05-31-91; KIM SALAMON; ANTHONY HERNANDEZ; JOE CAMPOS; SAMANTHA LOPEZ; MELVIN MITCHELL;

1   LISA MITCHELL; WILLIAM NASSIR; HAZEL NASSIR; INA HOFFMAN; HORACE

2   EBREO; ZIBA HONARBAKHT; AKRAM BENMBAREK; PATTY BAIN; THOMAS S.

3   BAIN; DAMIEN DINH;  KRISTEN MULDER; MAHER IBRAHIM; MAHER IBRAHIM;

4   SOPHIA IBRAHIM; TIBOR MEZEI; DANIKO MEZEI; KOUROSH MEHRAYIN; SUSANA

5   SANCHEZ; AMIR SAHBA; MICHAEL TOLLER; MARIA PRUDENCIO GERARDO

6   PRUDENCIO; NIKTA SHOKOOH; FARROKH SHOKOOH; SHOKOOH FAMILY TRUST

7   05-25-93; YASAMAN SIRJANI; JAYNER FORONDA; CARMEN ROBINSON; DALE E.

8   ROBINSON; JOHN RINCON; MARY ANDERSON BELL; MARGO POWELL-REID; SUE

9   AHN OH; SAMMY OH; YOUNGMI OH; CYNTHIA PRICE; DANNY PRICE; CHRIS

10  BUMP; JONATHAN BOAS; GAVIN DAVIS; LINDSAY DAVIS; YOGESH BHATKHANDE;

11  PRITI SABADRA; NOELLE GRANICH; ANTHONY G. GRANICH; MARILYN GRANICH;

12  VICKI GRANICH; MARK GRANICH; HAN PARK; PETER PARK; DOLORES GREEN;

13  ELIZABETH  KIER;  AMEESH  PALEJA;  DOUGLAS  BRECKINRIDGE;  HUE

14  BRECKINRIDGE; PAUL WYLES; DALUZ RICHARD; KAMBY GARROOSI;  NAHID

15  MORADPOUR; SOLEDAD H. VELACRUZ; PHILLIP KIMBLE; ADARSH M. SHARMA;

16  MICHAEL T. SEARS; CHARLES PUNAY; ABRAHAM VELARDE; SILVIA VELARDE;

17  DANIEL G. CRISTY; CANDICE CRISTY AND CANDICE PARKER; PAUL WYLES;

18  RICHARD DALUZ; QUDSIA NOORI; ABRAHAM VELARDE; SILVIA VELARDE;

19  CHARLES PUNAY; DANIEL G. CRISTY; CANDICE CRISTY; CANDICE PARKER;

20  MICHAEL T. SEARS; ADARSH M. SHARMA; PHILLIP KIMBLE; SOLEDAD H.

21  VELACRUZ; KAMBY GARROOSI; NAHID MORADPOUR; DOUGLAS BRECKINRIDGE;

22  HUE BRECKINRIDGE; AMEESH PALEJA; ELIZABETH KIER; DONNA M. IMSON;

23  DOLORES GREEN; PETER PARK; HAN PARK; NOELLE GRANICH; ANTHONY G.

24  GRANICH; MARILYN GRANICH; GAVIN DAVIS; LINDSAY DAVIS; MITRA AMIDI;

25  KOOROSII AMIDI; YOGESH BHATKHANDE; PRITI SABADRA; JOSEPH SAAD

## UNCONSCIONABLE CONTRACT PROVISIONS

42. The Contract contains various provisions purporting to insulate Defendants from liability, releasing Defendants from liability, waiving jury trial, requiring arbitration, requiring the Plaintiffs to acknowledge that they have not relied upon any misrepresentations, an integration clause, various exculpatory clauses and other provisions onerous under these circumstances.

43. The Contract is Defendants' pre-printed and standardized form consisting of at least 37 legal-sized pages, eleven point type, drafted by the Defendants, containing harsh and oppressive language hidden in prolix language. The severity of these terms will result in surprise because they will relieve Defendants of all liability for fraud in misrepresenting the square footages on marketing floor plans and other marketing material. A reasonable person would expect that if a seller in this type of situation represents a certain square footage, then the unit would be that square footage.

44. In addition, the Contract is so one-sided as to shock the conscience and/or imposes overly harsh terms. These terms, in part, purport to limit or completely waive any liability by Defendants.

45. The Defendants were in a superior bargaining position to Plaintiffs and Plaintiffs had a relative lack of bargaining power because Defendants are owners of a multi-million dollar condominium project and sellers of over 418 units engaged in a mass marketing campaign and employing a sales force on site that offered the terms in question on take-it-or-leave-it basis with no opportunity for meaningful negotiation of said terms. Plaintiffs on the other hand were the target market of Defendants mass marketing efforts are all individuals. Many of these oppressive terms and not mutual and only benefit the Defendants. It is generally know that in the custom and practice in real estate sales of this type in California that buyers

1   are not represented by attorneys and that title companies, not attorneys, perform the title

2   search.

3   46. The terms are both procedurally and substantively unconscionable and constitute a contract

4   of adhesion.   Application of such terms would result in surprise, overly harsh results and

5   would have the effect of allowing Defendants to commit fraud on a massive scale without

6   any liability.

7   **CONSPIRACY ALLEGATIONS**

8   47. Claimants are informed and believe and thereon allege that from on or about July 8, 2005

9   until present, Respondents and each of them knowingly and willingly conspired and/or

10   agreed among themselves and/or together with other persons or entities to convert the

11   VILLA VICENZA project from apartments to condominiums and to sell the condominiums

12   to the public without disclosing the true square footage and to leave the new owners no entity

13   to sue except a dissolved LP and entities insulating the true principal and destination of the

14   profit.

15   48. In the alternative, Claimants are informed and believe and thereon allege that Respondents

16   and each of them knowingly and willingly conspired and/or agreed among themselves to

17   avoid disclosing the true square footage.

18   49. Claimants allege in the alternative that, the acts, omissions, agreements and/or conspiracies

19   of Respondents and/or others enabled Respondents and each of them to accomplish some or

20   all of the objectives of the conspiracy.

21   50. In the alternative, Claimants are informed and believe and thereon allege that the acts in

22   pursuance of the above-described conspiracy and/or agreement continued from on or about

23   July 8, 2005 and are continuing today.

24   51. In the alternative, in doing the things herein alleged, Respondents, and each of them, acted

25   willfully and with intent to cause injury to the purchasers of units at Villa Vicenza

CLASS ACTION COMPLAINT

condominiums directly or indirectly by seeking to sell condominiums of a smaller square footage than represented and to offer for sale units of a square footage that was not ever conveyed or intended to be conveyed.

## ALTER EGO LIABILITY

52. BRUCE MENIN ("MENIN"), SONNY KAHN ("KAHN") and RUSSELL W. GALBUT ("GALBUT") are the directors of CRESCENT.

53. MENIN, KAHN and GALBUT are also named in SK BUSINESS TRUST ("SK TRUST"); RF BUSINESS TRUST ("RF TRUST") and MENIN 1998 FAMILY TRUST ("MENIN TRUST").

54. SK TRUST; RF TRUST and MENIN TRUST own and control NOBEL HOLDINGS. In turn, NOBEL HOLDINGS owns and controls NOBEL COURT which was responsible for the development, sales, conversion, supervision and management of the Villa Vicenza condominium complex.

55. NOBEL COURT and CRESCENT use the same office and employees in the sales office and or management office both located in the Villa Vicenza condominium complex.

56. The sales brochures represent CRESCENT as being responsible for the Villa Vicenza condominium complex.

57. All Respondents named in this cause of action failed to adequately capitalize NOBEL COURT.

58. NOBEL COURT is a mere shell, instrumentality or conduit for a single venture, i.e. the conversion and sale of the Villa Vicenza condominium complex which is in actuality a business venture of the other Respondents named in this cause of action.

59. The chain of ownership from NOBEL COURT to NOBEL HOLDINGS to MENIN TRUST, RF TRUST and SK TRUST serves no reasonable purpose other than to conceal the business

activities and shield the identity of the responsible ownership, management and financial interest of MENIN, KAHN, GALBUT and CRESCENT.

60. NOBEL COURT, NOBEL HOLDINGS, MENIN TRUST, RF TRUST and SK TRUST are tools to divert assets to MENIN, KAHN, GALBUT and CRESCENT while leaving the liabilities with NOBEL COURT and/or NOBEL HOLDINGS which own no assets. As a result, the court should disregard the limited liability nature of the various Respondents because unless this is done, justice cannot be accomplished.

61. Actual or ostensible employees of CRESCENT held three out of five seats on the board of directors of Villa Vicenza HOA and were placed on the board by NOBEL COURT. As holders of control of the board, they each of them, owe a fiduciary duty to each and every owner or buyer of a condominium unit in the Villa Vicenza condominium complex. As holder of controlling interest in NOBEL COURT; NOBEL HOLDINGS directed and/or controlled the NOBEL COURT in placing persons on the board and preventing them from performing their fiduciary duties. As holder of controlling interest in NOBEL HOLDINGS; MENIN TRUST, RF TRUST and SK TRUST at the behest of MENIN, KAHN and GALBUT; directed and/or controlled NOBEL HOLDINGS in doing the acts or omissions in furtherance of the goals of the conspiracy. MENIN, KAHN and GALBUT as the board of directors of CRESCENT and trustees of MENIN TRUST, RF TRUST and SK TRUST were the ultimate beneficiaries of the profits garnered by the acts and omissions of the conspiracy.

62. SHERI NIACARIS ("NIACARIS") is and was at all relevant times a resident of the County of San Diego, State of California and was the sales manager.

63. Substantially all business cards of sales persons, advertising material, brochures and internet sites contained the words "brought to you by Crescent Heights". The business cards of persons involved in representing the seller in sales, which included but was not limited to NIACARIS, Brian Locks, Laurie Miskuski and Darcy Duffin contained email addresses

containing the designation "@crescentheights.com".  CRESCENT knew via MENIN, KAHN and GALBUT and assented to the marketing of Villa Vicenza as a CRESCENT project.

## OTHER CASE PENDING IN STATE COURT

64. Within the applicable statute of limitations, Plaintiffs named all defendants herein as defendants in Case No. GIC 869392 pending in the California State Superior Court for the County of San Diego, Central District.  The California State Court has or shortly will quash service of summons.  This complaint is being filed under the diversity jurisdiction of Federal District Court and involves a claim in excess of $100,000.

## FIRST CAUSE OF ACTION

## FRAUD

### (Individual and Class Plaintiffs against all Defendants)

65. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 63, above as though fully set forth herein.

66. NOBEL, was the owner of certain real property located in the County of San Diego, in the State of California known as 3550 Lebon Drive, 3520 Lebon Drive, 3440 Lebon Drive and 8889 Caminito Plaza Centro, San Diego, California, 92122 consisting of  418 condominium units.

67. In San Diego, California, the NOBEL and CRESCENT, with intent to defraud and deceive plaintiffs and class members and with intent to induce plaintiffs and class members to enter into contracts to purchase the above-described real estate for the contract price, represented to buyers that these condominiums contained the square footages stated in brochures circulated to the buyers.  The brochures and marketing materials showed the four types of floor plans existing in the above referenced property.   The four floor plans from the brochure and other marketing material stated incorrect square footage for the units.  The representation of square footage made by said defendants are false.  In fact, the actual square footage of the

condominium units is between 40 and 68 less that the square footage stated in marketing floor plans and other marketing material, depending on the type of standard plan. All standard plans are deficient in the same amount of square footage.

68. NOBEL and CRESCENT knew that the representations of square footages in the brochure and marketing material were false at all times that they circulated said representations of square footage or made the representations in reckless disregard for the truth of the representations.

69. These representations of square footage were material to each transaction.

70. Plaintiffs and class members did not know that this representation were not true, but on the other hand, believed them to be true. In justifiable reliance upon this representation, Plaintiffs and class members purchased the above-described real property and paid the purchase price therefore. Except for the false representation of these defendants, the plaintiffs and class members would not have entered into the above-mentioned contract and would not have paid the contract sum for the above-described real property to these defendants.

71. Plaintiffs and class members did not know the true square footage prior to the sale.

72. As a direct and proximate result of the misrepresentations of these defendants, and each of them, by and through their agents, apparent agents, servants, employees or joint venturers, Plaintiffs and class members were harmed as alleged hereinabove.

73. Plaintiffs' and class members' reliance on the representation was a substantial factor in causing its injuries.

74. In doing the things herein alleged, these defendants, and each of them, acted willfully and with intent to cause injury to Plaintiffs and class members. These defendants were guilty of oppression or fraud in conscious disregard of the rights of Plaintiffs and class members

1    thereby warranting an assessment of punitive damages in an amount appropriate to punish

2    defendants and deter others from engaging in similar conduct.

3                          **SECOND CAUSE OF ACTION**

4                          **NEGLIGENT MISREPRESENTATION**

5              **(Individual and Class Plaintiffs against all Defendants)**

6    75. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 73, above

7        as though fully set forth herein.

8    76. These defendants represented the facts in marketing floor plans and other marketing material

9        to be true at a time when defendants had no reasonable grounds for believing that the

10       representation was true.

11   77. These defendants intended that Plaintiffs and Class Members rely on the representations, and

12       they reasonable did rely.

13   78. As a direct and proximate result of the misrepresentations of these defendants, and each of

14       them, by and through their agents, apparent agents, servants, employees or joint venturers,

15       Plaintiffs and class members were harmed as alleged hereinabove.

16   79. Plaintiffs' and class members' reliance on the representation was a substantial factor in

17       causing its injuries.

18   80. In doing the things herein alleged, these defendants, and each of them, acted willfully and

19       with intent to cause injury to Plaintiffs and class members.  These defendants were guilty of

20       oppression or fraud in conscious disregard of the rights of Plaintiffs and class members

21       thereby warranting an assessment of punitive damages in an amount appropriate to punish

22       defendants and deter others from engaging in similar conduct.

23                          **THIRD CAUSE OF ACTION**

24                          **UNTRUE OR MISLEADING ADVERTISING**

25              **(Individual and Class Plaintiffs against all Defendants)**

81. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 84, above as though fully set forth herein.

82. These defendants in the past and continuing to the present time, have engaged in advertising to the public including to Plaintiffs and Class Members in the form of the false and misleading marketing floor plans and other marketing material offering for sale certain real property referred to hereinabove.

83. The advertising consists of brochures offered to the public at the on site sales office and over the internet on defendants' website. The advertisements are disseminated to and received by the public in California.

84. Defendants have engaged in the advertising herein alleged with the intent to directly or indirectly induce the public to enter into contracts to purchase the condominium units described hereinabove.

85. Defendants' advertising was and is untrue and misleading and likely to deceive the public into believing that the condominium units are of the square footage represented.

86. In making and disseminating the false and misleading statements of square footage herein alleged, defendants knew or in the exercise of reasonable care should have known that the statements of square footages were and are untrue and/or misleading and so acted in violation of Business and Professions Code Section 17500. Defendants' advertising further violates Business and Professions Code Section 17530 as it specifically concerns real estate.

87. Plaintiffs and Class Members have suffered injury in fact and have lost the value of real estate as a result of the violations alleged above in this complaint because they bought real property that was smaller than represented.

88. Unless restrained by this court, these defendants will continue to disseminate the marketing floor plans and other marketing material to the public in violation of Business and

1    Professions Code Sections 17500 and 17530, thus engendering a multiplicity of judicial

2    proceedings.

3                           **FOURTH CAUSE OF ACTION**

4                              **UNFAIR COMPETITION**

5                **(Individual and Class Plaintiffs against all Defendants)**

6    89. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 92, above

7        as though fully set forth herein.

8    90. Defendants' advertising, as alleged above, constitutes unfair competition in violation of

9        Business and Professions Code Section 17200.

10                          **FIFTH CAUSE OF ACTION**

11             **CONSTRUCTIVE TRUST AND CONSTRUCTIVE FRAUD**

12               **(Individual and Class Plaintiffs against all Defendants)**

13   91. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 94, above

14       as though fully set forth herein.

15   92. NOBEL is the owner of certain real property and condominium units in Phase I and II of the

16       Villa Vicenza condominium development.   Defendants breached their duty to inform

17       themselves of the true square footage of the units they were seeking to sell before making the

18       misrepresentations as to square footage and thereby gained an advantage by being able to sell

19       the units to Plaintiffs due in substantial factor to the untrue higher square footages to

20       Plaintiffs' prejudice because they now posses or possessed units smaller than as

21       misrepresented.

22   93. A single Deed of Trust encumbered the condominium units currently owned by Plaintiffs as

23       well as the real property still currently owned by NOBEL.

24

25

94. NOBEL used the proceeds wrongfully obtained from the sales of units to Plaintiffs to pay off part of the Deed of Trust that still encumbers NOBEL's property within the Villa Vicenza condominium complex.

95. Both the units now owned by Plaintiffs and the units still currently owned by NOBEL are in the same Homeowners Association. NOBEL defrauded other members of the Homeowners' Association, including Plaintiffs.

96. The units still owned by NOBEL are subject to certain reciprocal easements that benefit and/or burden Plaintiff's units as provided in the Homeowners' Association documents.

97. The deeds for each unit contain an easement wherein the Defendants reserve to themselves and easement "for marketing and development" and to "maintain marketing units" as well as a right of access for "visitors to the sales office and marketing units and the right to maintain signs or other marketing materials within the common areas".

98. By committing the fraudulent acts alleged herein, NOBEL defrauded the Homeowners' Association. NOBEL's units are subject to liens and foreclosure pursuant to the Homeowners' Association documents.

99. As a result of the foregoing, Defendants, and each of them, are in possession of equity in real property still owned by it and profits from the sale of Villa Vicenza condominiums directly obtained by fraudulent acts and holds those properties and profits as the constructive trustee for the benefit of Plaintiffs and Class Members.

**SIXTH CAUSE OF ACTION**

**RESCISSION AND RESTITUTION CC§1689**

**(Individual and Class Plaintiffs against all Defendants)**

100. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 103, above as though fully set forth herein.

34

101.   Plaintiffs plead this cause of action and form of relief in the alternative to fraud causes of action alleged above and will make an election at such time as deemed appropriate.

102.   The consent of Plaintiffs and Class Members was given as a result of the above-described fraud, mistake as to the square footage or obtained through fraud  or otherwise with the connivance of Defendants.

103.   Plaintiffs  and Class Members are entitled to have restored to them everything of value they gave Defendants in this transaction and seek to have this rescission contingent upon restoration of all compensation.

104.   Plaintiffs seek the equitable powers of the court to make such adjustments as in fairness are due to Plaintiffs.

WHEREFORE, Plaintiffs and Class Members pray for judgment in his favor against all defendants jointly and severally and Does 1 to 25 as follows:

1.  For the difference in value of the units purchased and the value of the units if they had the square footages as advertised, according to proof;

2.  For interest according to proof;

3.  For the benefit of the bargain;

4.  For contract damages;

5.  For general damages;

6.  For special damages;

7.  For an order requiring  defendants to show cause why they should not be enjoined as hereinafter set forth, during the pendency of this action;

8.  For a temporary restraining order, a preliminary injunction and a permanent injunction all enjoining defendants and their agents, servants, employees and all persons acting under, in concert or for them from making or disseminating or causing to be made or disseminated in the State of California any advertising, including but not limited to, marketing floor plans and

other marketing material representing the incorrect and untrue square footage of the units in the property described hereinabove.

9.  For an order requiring Defendants to refund purchase price in an amount sufficient to compensate Plaintiffs and Class Members for having units with a square footage that is less than represented in the marketing floor plans and other marketing material.

10. For prejudgment interest;

11. For certification of the class or subclasses;

12. For reformation of the Contract to delete unconscionable terms;

13. For reformation of the Contract to adjust the purchase price to compensate for the deficient square footage;

14. For a refund equal to the amount that the actual purchase price paid exceeds the reformed purchase price;

15. For an order severing unconscionable terms from the Contract;

16. For punitive damages;

105.    For civil penalties of $2,500 for each advertisement disseminated according to Business and Professions Code Section 17536;

17. For costs of suit;

18. For imposition of a constructive trust on all funds paid by Plaintiffs for purchase of the condominiums to satisfy any judgment in this case;

19. Damages in excess of $3,000,000.00

20. For reasonable attorney fees according to proof; and/or

21. For such other and further relief as the court may deem proper.

Date: January 15, 2010

PHILIP L. ASIANO
LAW OFFICE OF PHILIP L. ASIANO P. C.
Attorney for Plaintiffs

CLASS ACTION COMPLAINT

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury.

Date: January 15, 2010

PHILIP L. ASIANO
LAW OFFICE OF PHILIP L. ASIANO P. C.
Attorney for Plaintiffs

CLASS ACTION COMPLAINT

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LEONARD LIAS, an individual and class representative, et al.

## DEFENDANTS
RUSSELL W. GALBUT, an individual; SONNY KAHN, an individual; BRUCE MENIN, an individual; 3 KBUSINESS 3

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'10 CV 0127   W   RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip Asiano, SBN 12487; Law Offc of Philip Asiano, P.O. Box 121937, San Diego, CA 92112; 619-231-6579

Attorneys (If Known)
Allen, Matkins; 501 West Broadway, 15th Floor
San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1  Original Proceeding | ☐ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Fraud in the sale or real estate

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Cal, State Court Judge Bloom     DOCKET NUMBER  GIC 869392

DATE
01/15/2010

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  9269     AMOUNT  $350     APPLYING IFP     JUDGE     MAG. JUDGE

MB 01-15-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS009269
Cashier ID: mbain
Transaction Date: 01/15/2010
Payer Name: CATALANO AND CATALANO
----------------------------------
CIVIL FILING FEE
 For: LIAS V GALBUT
 Case/Party: D-CAS-3-10-CV-000127-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 6932
 Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00


There will be a fee of $45.00
charged for any returned check.
```